UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD V. NARDO,<br>            Plaintiff,<br><br>v.<br><br>JAMES A. NARDO, FRANK A. NARDO, JR.,<br>DANIEL W. NARDO, and FIORE L. NARDO,<br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. 03CV12251MLW

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The Defendants, James A. Nardo, Frank A. Nardo, Jr., Daniel W. Nardo and Fiore L. Nardo (hereinafter collectively referred to as "Defendants"), pursuant to Local Rule 7(B)(1), submit the following memorandum of reasons, including citations and supporting authorities, in support of the Defendants' Motion to Dismiss the Complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### FACTUAL AND PROCEDURAL BACKGROUND

1.    On or about October 31, 2003, the Plaintiff, Richard V. Nardo, filed a Complaint against the Defendants, James A. Nardo, Frank A. Nardo, Jr., Daniel W. Nardo and Fiore L. Nardo, in the Middlesex Superior Court in which the Plaintiff seeks damages up to $400,000.00. A true copy of the Complaint is attached hereto as Exhibit "1". Following service by mail upon the Defendants on or about November 3, 2003, the Defendants filed a timely Notice of Removal with this Court on November 14, 2003.

2.    The Plaintiff and the Defendants are brothers. The Plaintiff is the contingent beneficiary of the Richard V. Nardo Contingent Trust, which was established by the Last Will

and Testament of his father, Frank A. Nardo, Sr., who died on or about August 7, 2001.

Complaint, ¶ 9. Affidavit of Frank A. Nardo, Jr., ¶ 2. A true copy of the Last Will and

Testament of Frank A. Nardo, Sr. is attached hereto as Exhibit "2". The Defendants, together

with a corporate trustee, are the trustees of the Richard V. Nardo Contingent Trust.

3.    Pursuant to the terms of the Richard V. Nardo Contingent Trust:

> "At such time as Richard establishes to the satisfaction of a majority of my Trustees that Richard has remained illicit drug and alcohol-free for a period of five (5) consecutive and uninterrupted years, whenever the same may occur and without regard to however many years it takes Richard to maintain his sobriety for the five consecutive years.
>
> Upon the aforementioned satisfaction of a majority of my Trustees of Richard's drug and alcohol-free status for a consecutive five year period, my Corporate Trustee shall distribute on-half[sic] (1/2) of the total corpus and accumulated income of the Trust to Richard. The remaining balance of the Trust and the income accumulating thereto shall remain in trust for one additional five (5) year period during which a majority of my Trustees shall again determine that Richard remains drug and alcohol-free for the entire subsequent five (5) year period. If Richard is able to maintain his sobriety for the subsequent five (5) year period, my Corporate Trustee shall distribute the entire balance of the Trust to Richard with my hopes that he has, by then, established the character necessary to live the balance of his life sober.
>
> The aforementioned determinations of a majority of my Trustees shall be in the said Trustees' exclusive and absolute discretion, subject to whatever tests or other proof that the said Trustees deem appropriate and shall not be subject to review or otherwise expose my Trustees, or any of them, to any liability to Richard, my other children, or anyone else for my Trustees' good faith exercise of discretion ..." Article Fifth, Paragraph A(1) of the Last Will and Testament of Frank A. Nardo, Sr.

4.    Pursuant to the terms of the Richard V. Nardo Contingent Trust:

> "... if in the determination of a majority of my Individual Trustees, Richard is sober and is making progress to the goals outlined above, a majority of my Individual Trustees may direct my Corporate Trustee to make distributions of principal or income in

order to provide for Richard's reasonable living expenses. Such a determination shall be in the sole and absolute discretion of a majority of my Individual Trustees. It is my intention that in exercising discretion with regard to any distribution hereunder of principal or income, my Individual Trustees shall consider funds available to Richard from all sources. These expenses may include: shelter, provided however, that, if real estate is purchased, the title to said real estate shall remain vested in my Corporate Trustee until such time as all other conditions of this Trust are fulfilled; lease payments for shelter; food; medical care; counseling; drug rehabilitation expenses, provided all other conditions herein are met; and education expenses ..." Article Fifth, Paragraph B of the Last Will and Testament of Frank A. Nardo, Sr.

5.      The Plaintiff, in his Complaint, alleges that the Defendants, acting in their capacities as trustees of the Richard V. Nardo Contingent Trust, have breached their duty of loyalty to the Plaintiff as the contingent beneficiary by refusing to provide funds for rehabilitation services allegedly requested by the Plaintiff due to his substance abuse addiction and to pay delinquent child support payments owed by the Plaintiff to the State of Pennsylvania. Complaint, ¶¶ 17 and 22.

6.      The Plaintiff, in his Complaint, further alleges that as a result of the Defendants' conduct, in their capacities as trustees, they have allegedly caused upon the Plaintiff emotional distress and loss of income. Complaint, ¶¶ 47 and 49.

7.      The Plaintiff is seeking monetary damages, injunctive relief and removal of the trustees.

8.      The Plaintiff's father, Frank A. Nardo, Sr., was a citizen and resident of Pennsylvania at the time of his death. Affidavit of Frank A. Nardo, Jr., ¶ 3.

9.      The Plaintiff admits that the Defendants, James A. Nardo, Frank A. Nardo, Jr., Daniel W. Nardo and Fiore L. Nardo, are citizens and residents of Pennsylvania. Complaint, ¶¶ 5-8. Also see the Affidavit of Frank A. Nardo, Jr., ¶¶ 5-8.

10.    The Corporate Trustee, First Union Bank, now known as Wachovia Bank, is located in York, Pennsylvania. Affidavit of Frank A. Nardo, Jr., ¶ 9.

11.    The Last Will and Testament of Frank A. Nardo, Sr., which created the Richard V. Nardo Contingent Trust, was drafted in and executed in Pennsylvania. Affidavit of Frank A Nardo, Jr., ¶ 3.

12.    The situs and corpus of the Richard V. Nardo Contingent Trust is Pennsylvania. Affidavit of Frank A. Nardo, Jr., ¶ 11.

13.    The Defendant trustees conduct no trust business in Massachusetts. Affidavit of Frank A. Nardo, Jr., ¶ 12.

14.    The Trust owns no property within the Commonwealth of Massachusetts. Affidavit of Frank A. Nardo, Jr. ¶ 14.

15.    The Plaintiff does not allege that the Defendants have engaged in any act or omission within the Commonwealth that would cause tortious injury to the Plaintiff. See Complaint generally.

16.    The Trustees have not engaged in any act or omission within the Commonwealth that would cause tortious injury to the Plaintiff. Affidavit of Frank A. Nardo, Jr., ¶ 15.

I.    ARGUMENT

A.    The Plaintiff has the Burden of Demonstrating this Court's
Personal Jurisdiction Over the Defendants

When personal jurisdiction is challenged, the plaintiff bears the burden of establishing that jurisdiction exists. Foster-Miller, Inc. v. Babcock & Wilcox Canada, 975 F.Supp. 30, 37

4

(D. Mass. 1997).[1]  In determining whether it may exercise personal jurisdiction over a defendant,

the Court undergoes the following analysis:  (1) whether the Massachusetts Long-arm Statute

authorizes jurisdiction; (2) whether the defendant has sufficient minimum contacts so that the

exercise of jurisdiction does not offend due process; and (3) whether the exercise of jurisdiction

is reasonable and, therefore, does not offend due process.  Noonan v. Winston Co., 135 F.3d 85,

89 (1st Cir. 1998).

> B.    The Plaintiff Cannot Demonstrate This Court's Personal Jurisdiction
>        Over the Defendants Under the Massachusetts Long-Arm Statute

The Massachusetts Long-arm Statute provides, *inter alia*, that a court may exercise

jurisdiction over a person based on the following activities:

> (a)    transacting any business in the commonwealth;  (b)
> contracting to supply services or things in the commonwealth; (c)
> causing tortious injury by an act or omission in the commonwealth;
> (d) causing tortious injury by an act or omission outside of the
> commonwealth, if he regularly does or solicits business or engages
> in other persistent course of conduct, or derives substantial revenue
> from goods used or consumed or services rendered in the
> commonwealth; (e) having an interest in, using or possessing real
> property in the commonwealth; (f) contracting to insure any
> person, property or risk located within the commonwealth.
> Mass.Gen.Laws. c. 223A, § 3.

The Plaintiff, in his Complaint, fails to assert any basis for the Court's exercise of

personal jurisdiction over the Defendant, and there is no arguable basis for personal jurisdiction

under the Massachusetts Long-arm Statute that could reasonably be asserted by the Plaintiff.

---

[1]  In Boit v. Bar-Tec Products, Inc., 967 F.2d 671, 675-678 (1st Cir. 1992), the First Circuit established three
methods of adjudicating disputes over personal jurisdiction: (1) by prima facie showing, where the Court accepts
any affirmatively supported proffer of evidence by plaintiff as true; (2) by conducting a quasi-evidentiary hearing,
where the Court accepts oral testimony and other evidence; and (3) through an intermediate standard, where the
Court determines whether the plaintiff has shown a likelihood of the existence of each fact necessary to support
personal jurisdiction.  For reasons stated below, the plaintiff in this action cannot meet even the prima facie
standard.  However, in the event the Court considers there to be a material issue concerning personal jurisdiction, the
Defendants respectfully request that the Court conduct an evidentiary hearing rather than making any final
determination in favor of personal jurisdiction based on the prima facie standard.

The Trust is managed and administered in Pennsylvania. Any business of the Trust, such as the administration of the Trust, banking or other business, including votes, occurs in Pennsylvania. Affidavit of Frank A. Nardo, Jr., ¶ 13. The Defendant trustees do not transact any business, on behalf of themselves or the Trust, within the Commonwealth of Massachusetts. Affidavit of Frank A. Nardo, Jr., ¶ 12. The Defendant trustees have not contracted to supply services in the Commonwealth. Affidavit of Frank A. Nardo, Jr., ¶ 16. The Defendant trustees have not engaged in any act or omission within the commonwealth that would cause a tortious injury to the Plaintiff. Affidavit of Frank A. Nardo, Jr., ¶ 15. Lastly, the Trust does not own any real estate in Massachusetts. Affidavit of Frank A. Nardo, Jr., ¶ 14. The only connection to Massachusetts is that it is where the Plaintiff currently resides.[2]

Based on the foregoing, it is evident that this Court cannot gain personal jurisdiction over the Defendants through the Massachusetts Long-arm Statute.

C.     The Plaintiff Cannot Demonstrate Sufficient Minimum Contact Between the Defendants and Massachusetts to Satisfy the Due Process Requirements

Even if the Plaintiff could meet the requirements under the Massachusetts Long-arm Statute, which the Defendants adamantly deny, the Plaintiff cannot establish that the Defendants have had minimum contacts with Massachusetts sufficient to subject them to the jurisdiction of this Court.

In order to establish personal jurisdiction over a non-resident defendant in a way consistent with due process, the defendant must either have (1) "substantial, continuous and systematic presence in the forum state which would give the court general jurisdiction over the defendant, or (2) certain "minimum contacts" with the forum state such that maintenance of the

_____

[2] The Plaintiff has a history of transience in that it is believed that he has resided in at least 5 states, including Massachusetts, within the past five (5) years.

6

lawsuit does not offend traditional notions of fair play and substantial justice. <u>Digital Equipment Corp.</u>, 960 F.Supp. 456, 468 (1st Cir. 1997) *citing* <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)". This minimum contacts standard requires that: (1) the claim against the defendant must directly arise out of or relate to the defendant's forum-state activities; (2) the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of the state's laws and making the defendant's involuntary presence before the state court foreseeable; or (3) exercising jurisdiction is fair and reasonable in light of certain gestalt factors. <u>Digital Equipment Corp.</u>, 960 F.Supp. at 468. Also see <u>United Electrical Radio and Machine Workers of America v. 163 Pleasant St. Corp.</u>, 960 F.2d 1080, 1089 (1st Cir. 1992). These three tests have been called relatedness, purposeful availment and reasonableness.

1.    <u>Relatedness</u>

As an initial matter "[W]e know ... that the [relatedness] requirement focuses on the nexus between the defendant's contacts and the plaintiff's cause of action". <u>Id</u>. *citing* <u>Ticketmaster – New York, Inc. v. Alioto</u>, 26 F.3d 201, 206 (1st Cir. 1994). As the First Circuit noted in <u>Nowak v. Tak How Investments, Ltd.</u>, 94 F.3d 708, 712 (1st Cir.) *reh'g denied en banc* (1996), this requirement serves two purposes; first, relatedness is the "divining rod that separates specific jurisdiction cases from general jurisdiction cases" <u>Id</u>. Second, it ensures that "the element of causation remains in the forefront of the due process investigation". <u>Id</u>.

It cannot be disputed that the underlying claims in the case at bar arise directly from and relate to the Defendants' conduct as trustees of a Pennsylvania trust.

7

2.    Purposeful Availment

Unlike the "relatedness" test, the purposeful availment test focuses on the deliberateness of the defendant's contacts. Ticketmaster, 26, F.2d at 207. The contacts with the forum state must be voluntary – not based on the unilateral actions of another party or a third person. Burger King Corp. v. Kudzewicz, 471 U.W. 462, 475 (1985). And they must be foreseeable; the defendant's contacts must be able to anticipate "being haled into court" in the forum state. World Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980).

The Plaintiff cannot demonstrate sufficient minimum contacts via purposeful availments between the Defendant trustees and Massachusetts to satisfy the above-stated due process requirements since the Defendants reside in Pennsylvania, they manage and administer the Trust in Pennsylvania, and the situs and corpus of the Trust are in Pennsylvania. It is beyond dispute that the Defendants have not and do not have a substantial, continuous, or systematic presence in Massachusetts sufficient for this Court to confer general jurisdiction over them.

3.    The Exercise of Personal Jurisdiction Would be
Unfair and Unreasonable

Without finding minimum contacts this court need not proceed to the reasonableness analysis. See Donatelli v. National Hockey League, 893 F.2d 459, 471 (1st Cir. 1990). However, in the event this court finds such minimum contacts occurred, which the Defendants do not concede, jurisdiction must still comport with "traditional notions of 'fair play and substantial justice'". Nowak, 94 F.3d at 717 (citing International Shoe, 326 U.S. at 320 (which quoted Milliken v. Meyer, 311 U.S. at 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). In weighing the gestalt factors, the Court considers the following:  (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective

resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. Id. at 470.

The exercise of this Court's personal jurisdiction over the four Defendant trustees would be unfair and unreasonable under the gestalt factors due to: (1) the burden imposed on the four Defendants, all Pennsylvania residents, to appear in a Massachusetts action; (2) the greater interest held by Pennsylvania in adjudicating a dispute that involves a Pennsylvania trust[3]; and (3) the common interest in sovereigns, and the judicial system as a whole, in allowing discovery and trial to be conducted in Pennsylvania, where documents and witnesses would be more readily available to determine the merits of the Plaintiff's claims and the Defendants' defenses.

Based on the foregoing, it is clearly evident that this Honorable Court's exercise of personal jurisdiction over the Defendants in Massachusetts would be unreasonable, unfair and in violation of due process requirements.

---

[3] "Where a trustor intends a trust consisting in an estate largely if not wholly within a certain state to be administered therein, the courts of that state have jurisdiction of the trust". 76 Am. Jur. 2d Trusts § 326. In the case at bar, Frank A. Nardo, Sr. created the trust in Pennsylvania, chose trustees that are citizens and residents of Pennsylvania, chose a corporate trustee in Pennsylvania and made provisions to place the trust corpus in a financial institution in Pennsylvania.

CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendants, James A. Nardo, Frank A. Nardo, Jr., Daniel W. Nardo and Fiore L. Nardo, respectfully pray that this Honorable Court grant their Motion to Dismiss for lack of personal jurisdiction.

Respectfully submitted, Defendants,
By their attorney,

JONATHAN BRAVERMAN, ESQ.
BBO # 054740
Baker, Braverman & Barbadoro, P.C.
50 Braintree Hill Park, Suite 108
Braintree, MA  02184
(781) 848-9610

10

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for the Plaintiff by first class mail on November 25, 2003 at:

F. Ty Edmondson, Esq.
Frazor & Titus
768 Hemenway Street
Marlborough, MA  01752

11