# *Commonwealth of Massachusetts*
## SUPERIOR COURT DEPARTMENT
## THE TRIAL COURT
### CAMBRIDGE

MICV. 2003- 4403

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 10/27/03 in the year of our Lord Two Thousand three

In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 12/01/03 in the year of our Lord Two Thousand. three

_____
Deputy Assistant Clerk



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 03-4403

2003 DEC -3 P 12: 10

U.S. DISTRICT COURT
DISTRICT OF MASS.

RICHARD V. NARDO,
    Plaintiff,

v.

JAMES A. NARDO, FRANK A. NARDO,
DANIEL W. NARDO, and FIORE L. NARDO,
    Defendants

<u>NOTICE OF FILING
NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. § 1446(d)</u>

03-12251 MLW

03cv12251 MLW

To:    The Clerk of the Middlesex Superior Court
Superior Court House
40 Thorndike Street
Cambridge, MA 02141

F. Ty Edmonson, Esq.
Frazor & Titus, LLC
768 Hemenway Street
Marlborough, MA 02151

Please take notice that a Notice of Removal of the above-captioned action, Civil Action No. 03-4403, from the Middlesex Superior Court Department, Middlesex County, Massachusetts to the United States District Court for the District of Massachusetts, a certified copy of which is attached hereto, was duly filed in the Office of the Clerk of the United States District Court for the District of Massachusetts on November 14, 2003 and assigned Civil Action No. 03-CV-12251

Respectfully submitted,
Defendants,
By their attorney,

JONATHAN BRAVERMAN, ESQ.
BBO # 054740
Baker, Braverman & Barbadoro, P.C.
50 Braintree Hill Park, Suite 108
Braintree, MA 02184
(781) 848-9610

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
NOV 1 4 2003

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on November 14, 2003.

_____

MIDDLESEX SUPERIOR COURT         **03-4403**

RICHARD V. NARDO,                                Civil Action No.:

    Plaintiff,

Vs.

JAMES A. NARDO, FRANK A. NARDO, JR., DANIEL W. NARDO and FIORE L. NARDO

    Defendants.



**COMPLAINT**

```
10/27/03 14:34#0000 0046 CLERK A
         CIVIL         240.00
         SURCHARGE      15.00
         SECC           20.00
            4a           5.00
         SUMMONS        20.00
         034403 #
         SUBTTL        295.00
         TOTAL    295.00
         CHECK         295.00
```

Plaintiff Richard V. Nardo files this Complaint and alleges as follows:

**Nature of Action**

1. This is an action for tort and contract damages Defendants have caused Plaintiff to suffer. This action also contains a request for injunctive relief.

**Jurisdiction and Venue**

2. This Court has original jurisdiction in this action pursuant to because the matter in controversy exceeds twenty-five thousand dollars ($25,000), exclusive of interest and costs. This action also seeks injunctive remedies for which original jurisdiction lies in this Honorable Court. Jurisdiction is proper under **223A Mass. § 3** since: (1) the Plaintiff resides in the Commonwealth of Massachusetts; (2) the tortious injuries were caused to Plaintiff and felt by Plaintiff while Plaintiff was in the Commonwealth; (3) at all relevant times the Defendants acted contractually with Plaintiff while Plaintiff resided in the Commonwealth; and (4) Defendants have all engaged in a regular course of conduct regarding the matters pertaining to this suit

with Plaintiff while Plaintiff has resided in the Commonwealth.

3. Venue is proper pursuant to **223 Mass. § 1** the Plaintiff resides in and has his normal place of business in Middlesex County, Massachusetts.

### The Parties

4. Plaintiff Richard V. Nardo is a citizen of Massachusetts, resident in and regularly conducting his business in Marlborough, Middlesex County.

5. Defendant James A. Nardo is a citizen of Pennsylvania and resident in the town of Hershey.

6. Defendant Daniel W. Nardo is a citizen of Pennsylvania and resident in the town of Red Lion.

7. Defendant Frank A. Nardo, Jr. is a citizen of Pennsylvania and resident in the town of Lancaster.

8. Defendant Fiore L. Nardo is a citizen of Pennsylvania and resident in the town of Lancaster.

### Background

9. Plaintiff is the contingent beneficiary to the Richard Nardo Contingent Trust ("Trust"). A copy of the Trust formation document is attached hereto as Exhibit A and incorporated fully herein. The Trust was established pursuant to the Will of Frank A. Nardo, Sr. who died on August 7, 2001. The goal of the Trust is to distribute to Plaintiff the assets of the Trust, subject to Plaintiff meeting certain requirements related maintaining his current sobriety and drug-free status. See Trust Article V(A). The Trust requires the siblings of Plaintiff, including the Individual Trustees of the Trust, to encourage Plaintiff in his sobriety and drug-free status. See Trust Article V(C).

10. The Trust names the Defendants, together with a corporate trustee ("Corporate Trustee"), as the Trustees of the trust. The Trust specifically identifies each of the Defendants herein as an Individual Trustees as defined in the Trust (as opposed to the Corporate Trustee). Each of the Defendants is currently serving as an Individual Trustee of the Trust.

11. As of August 29, 2003, the corpus of the Trust was $94,621.74, as reported by the Corporate Trustee, and is expected to total in excess of $400,000 once final mandatory contributions to it have been completed. See Second Intermediate Account attached as Exhibit B and incorporated fully herein.

12. The Trust gives each of the Trustees of the Trust an equal vote on whether Plaintiff is to receive a distribution under the Trust. Trust Article V(A)(1) of the Trust states:

    *"Upon the...satisfaction of a majority of [the] Trustees of [Plaintiff]'s drug and alcohol-free status for a consecutive five year period, my Corporate Trustee shall distribute on-half [sic] (1/2) of the total corpus and accumulated income of the Trust to [Plaintiff].... The aforementioned determinations of a majority of my Trustees shall be in the said Trustees' exclusive and absolute discretion, subject to whatever tests or other proof that the said Trustees deem appropriate and shall not be subject to review...."*

13. The Trust's terms requires that, should the a majority of the Trustees fail to vote Plaintiff has met these requirements, the corpus of the Trust will be distributed to the surviving children of the Trust's grantor, Frank A. Nardo, Sr. For example, Article V(A)(2) of the Trust states:

    *"If Richard [Plaintiff]...fails to establish an initial five year period of sobriety prior to his death, the balance of the Trust principal and accumulated income*

3

*shall pass to my then surviving children, per capita;"*

14. All of the Individual Trustees are children of Frank A. Nardo, Sr. and would benefit both directly and indirectly from the distribution of the Trust corpus to the Successor Beneficiaries.

15. The Individual Trustees are also granted the power to make any distribution of corpus to support Plaintiff's expenses during the pendency of the Plaintiff's evaluation period. The Corporate Trustee does not have a vote with regard to these issues, rather, according to Article V(B) of the Trust:

   *"...a majority of [the] Individual Trustees may direct [the] Corporate Trustee to make distributions of principal and income in order to provide for [Plaintiff's] reasonable living expenses."*

16. Thus the four Individual Trustees, the named Defendants herein, must vote 3-1 in order to distribute funds to Plaintiff pursuant to the terms of Article V(B) of the Trust.

17. In 2001, after Frank A. Nardo, Sr.'s death, Plaintiff requested the Trust to disperse funds to cover a trip to Plaintiff's rehabilitation center (Antigua Crossroads) so that Plaintiff could continue his efforts at maintaining his sobriety. This request was denied by Defendant Frank A. Nardo, Jr. acting for the Trust in his capacity as an Individual Trustee.

18. As a proximate result of the refusal by the Defendants to support his rehabilitation efforts, Plaintiff relapsed in February 2002. Defendants, acting as Individual Trustees, refused to communicate with Plaintiff and refused financial support to the Plaintiff with regard to Plaintiff's efforts to re-establish his sobriety. Instead, and as a direct result of the refusal of the Individual Trustees to comply with the terms of the Trust, Plaintiff had to rely upon other family members and friends for loans to go into

4

long-term care. Plaintiff has incurred substantial debts to those individuals as a result of the refusal of the Defendants to support his efforts at sobriety. Plaintiff has also incurred substantial embarrassment and emotional harm as a result of having to rely on the charity of others as a result of the Individual Trustees abdicating their duty under the Trust. Plaintiff also lost income for the period of time he was in detoxification and suffered harm to his overall business interests and reputation.

19. In January 2003, Defendant and Individual Trustee Daniel W. Nardo told Plaintiff that Defendant measured the obligation to act or not act as a Trustee "by whether Dad [Frank A. Nardo, Sr.] would have wanted it." In several conversations since, this same standard of whether to act has been re-stated at various times by all Defendants. Individual Trustee Daniel W. Nardo has also stated to Plaintiff that he, Daniel, does not believe Plaintiff "deserved" to be included in Frank A. Nardo, Sr.'s estate.

20. In April 2003, Defendant Frank A. Nardo, Jr. stated to Plaintiff that all the children of Frank A. Nardo, Jr. had to agree on any disbursement to Plaintiff.

21. On June 1, 2003, Defendant Frank A. Nardo, Jr. submitted a request to consider a distribution to Plaintiff in line with Article V(B) of the Trust. This request asked all of the children of Frank A. Nardo, Sr. to vote on certain matters including the distribution of funds. Despite the fact that three of the children were not Individual Trustees, they were nonetheless permitted to vote on the decision of whether to release funds to Plaintiff in violation of the specific instructions of the Trust.

22. Having received no written response to the letter of June 1, 2003, from any Individual Trustee (or even those children of Frank A. Nardo, Sr. who were improperly solicited for a vote), Plaintiff's counsel sent out a letter dated July 9, 2003 to Defendants asking for written confirmation of their votes with respect to distributing money from

the Trust to cover a substantial portion of the arrearages of Plaintiff in his child support payments and eliminate the danger of Plaintiff suffering penalties for failure to make child support payments. No disbursement was approved by the Defendants and no adequate response to the request was received.

23. On August 11, 2003, counsel for Plaintiff wrote to each Individual Trustee and highlighted that they were inappropriately conflicted with respect to their simultaneous status as Individual Trustees with the power to determine whether a distribution, if any, should ever be made to Plaintiff which simultaneously retaining successor beneficiary status in the Trust. In addition, the Defendants were notified of their improperly managing the Trust and improper service as Trustees. No response from any Defendant has been received.

24. Plaintiff hereby states he is not challenging (and does not challenge) the validity of the will of his father, Frank A. Nardo, Sr., the Frank A. Nardo, Sr. Trust nor the Richard Nardo Contingent Trust. This action seeks recompense of damages incurred by the misadministration of the Richard Nardo Contingent Trust by its Individual Trustees since the time of its founding.

### Count One

### (Breach of Duty of Loyalty – Conflict of Interest)

25. Plaintiff repeats the allegations set forth in paragraphs 1 through 24.

26. Defendants have violated the duty of loyalty each owed to Plaintiff, the Trust beneficiary, by way of accepting and then maintaining Individual Trustee status while simultaneously having successor beneficiary rights in the Trust.

27. As a direct result of Defendants' breaches of this duty, Plaintiff has suffered substantial injury, including, but not limited to: failing to receive payments to support

Plaintiff's sobriety and incurring indebtedness to fund same; the inability receive $12,000.00 in support payment from the Trust; attendant exposure to penalties for failure to make child support payments; lost income; emotional distress and potential future loss and use of the Trust corpus due to the continuing conflict of interest.

## Count Two

### (Breach of Duty to Inform and Report)

28. Plaintiff repeats the allegations set forth in paragraphs 1 through 24.

29. Defendants have violated the duty to inform and report that each owe to Plaintiff, the Trust beneficiary, in their failure to adequately respond to inquiries and requests to vote both from Frank A. Nardo, Jr. and Plaintiff.

30. As a direct result of Defendants' breaches of this duty, Plaintiff has suffered substantial injury, including, but not limited to: failing to receive payments to support Plaintiff's sobriety and incurring indebtedness to fund same; the inability receive $12,000.00 in support payment from the Trust; attendant exposure to penalties for failure to make child support payments; lost income; emotional distress; and potential future loss and use of the Trust corpus due to the continuing failure to inform and report.

## Count Three

### (Breach of the Duty of Loyalty)

31. Plaintiff repeats the allegations set forth in paragraphs 1 through 24.

32. Defendants have violated the duty of loyalty each owed to Plaintiff, the Trust beneficiary, in their failure to adequately respond to inquiries and requests to vote both from Frank A. Nardo, Jr. and Plaintiff.

33. As a direct result of Defendants' breaches of this duty, Plaintiff has suffered

substantial injury, including, but not limited to: failing to receive payments to support Plaintiff's sobriety and incurring indebtedness to fund same; the inability receive $12,000.00 in support payment from the Trust; attendant exposure to penalties for failure to make child support payments; lost income; emotional distress and potential future loss and use of the Trust corpus due to the continuing breach of this duty.

### Count Four

### (Breach of Duty to Administer Trust)

34. Plaintiff repeats the allegations set forth in paragraphs 1 through 24.

35. Defendants have violated the duty to administer the Trust each owed to Plaintiff, the Trust beneficiary, in their failure to adequately respond to inquiries both from Frank A. Nardo, Jr. and Plaintiff.

36. As a direct result of Defendants' breaches of this duty, Plaintiff has suffered substantial injury, including, but not limited to: failing to receive payments to support Plaintiff's sobriety and incurring indebtedness to fund same; the inability receive $12,000.00 in support payment from the Trust; attendant exposure to penalties for failure to make child support payments; lost income; emotional distress and potential future loss and use of the Trust corpus due to the continuing breach of this duty.

### Count Five

### (Self Dealing)

37. Plaintiff repeats the allegations set forth in paragraphs 1 through 24.

38. Defendants have violated the duty of loyalty each owed to Plaintiff, the Trust beneficiary, by way of accepting and then maintaining Individual Trustee status while simultaneously having successor beneficiary rights in the Trust constitutes improper self-dealing.

8

39. As a direct result of Defendants' breaches of this duty, Plaintiff has suffered substantial injury, including, but not limited to: failing to receive payments to support Plaintiff's sobriety and incurring indebtedness to fund same; the inability receive $12,000.00 in support payment from the Trust; attendant exposure to penalties for failure to make child support payments; lost income; emotional distress and potential future loss and use of the Trust corpus due to the continuing breach of this duty.

### Count Six

### (Violation of Primary Duty to Beneficiary)

40. Plaintiff repeats the allegations set forth in paragraphs 1 through 24.

41. Defendants have violated the duty of loyalty each owed to Plaintiff, the Trust beneficiary, by failing to administer the trust solely in the interests of the Plaintiff (beneficiary).

42. As a direct result of Defendants' breaches of this duty, Plaintiff has suffered substantial injury, including, but not limited to: failing to receive payments to support Plaintiff's sobriety and incurring indebtedness to fund same; the inability receive $12,000.00 in support payment from the Trust; attendant exposure to penalties for failure to make child support payments; lost income; emotional distress; and potential future loss and use of the Trust corpus due to the continuing breach of this duty.

### Count Seven

### (Breach of Duty to Administer Trust and Duty of Loyalty)

43. Plaintiff repeats the allegations set forth in paragraphs 1 through 24.

44. Defendants have violated the duty to administer the Trust each owed to Plaintiff and the duty of loyalty each owed to Plaintiff, the Trust beneficiary, by failing to properly administer the Trust to the benefit of the Plaintiff, by ignoring their duty of loyalty to

9

the Plaintiff as beneficiary and by improperly substituting other standards of measurement of their duties contrary to the instructions contained in the Trust.

45. As a direct result of Defendants' breaches of this duty, Plaintiff has suffered substantial injury, including, but not limited to: failing to receive payments to support Plaintiff's sobriety and incurring indebtedness to fund same; the inability receive $12,000.00 in support payment from the Trust; attendant exposure to penalties for failure to make child support payments; lost income; emotional distress; and potential future loss and use of the Trust corpus due to the continuing breach of this duty.

### Count Eight

### (Emotional and Other Distress)

46. Plaintiff repeats the allegations set forth in paragraphs 1 through 24.

47. As a direct result of the actions and inactions of the Defendants, Plaintiff has suffered emotional and other distress particularly as a result of having relapsed, had to undergo additional rehabilitation.

### Count Nine

### (Lost Income)

48. Plaintiff repeats the allegations set forth in paragraphs 1 through 24.

49. As a result of having relapsed, Plaintiff lost valuable income for a substantial portion of 2001 and 2002 which is directly attributable to actions and inactions of the Defendants.

### Count Ten

### (Contract and Tort Claims)

50. Plaintiff repeats the allegations set forth in paragraphs 1 through 24 and Counts One

through Eight.

51. Each of the counts One through Seven, above, sound both in contract and tort.

## Count Eleven

### (Request for Preliminary Injunction)

52. Plaintiff repeats the allegations set forth in paragraphs 1 through 24.

53. As a result of the various breaches of their duties of loyalty, duty to administer the Trust and other contractual and tortious acts, Plaintiff hereby requests that the Court issue an injunction prohibiting the Defendants from using the corpus of the Trust or any funds which should be added to the corpus of the Trust, in defense of the claims contained herein;

54. Should the Defendants be able to use such funds to pay for the costs of the defense of these claims, the harm to Plaintiff would be immediate and irreparable. Not only would money that should go to the Plaintiff be directed to attorneys employed by the Defendants, the prolongation of this matter before the court would cause Plaintiff to be exposed to penalties for failure to make child support payments including custodial remedies.

## Count Twelve

### (Request for Preliminary Injunction)

55. Plaintiff repeats the allegations set forth in paragraphs 1 through 24.

56. As a result of the various breaches of their duties of loyalty, duty to administer the Trust and other contractual and tortious acts, Plaintiff hereby requests that the Court issue an injunction prohibiting the Defendants from acting as Independent Trustees while this litigation is pending;

57. Given the continued and ongoing violation of their duties by the Individual Trustees,

Plaintiff is at risk that the Trust corpus or interest will be mismanaged; misappropriated or otherwise will be harmed by the ongoing involvement of the Trustees with regard to the Trust during the time this litigation is pending.

WHEREFORE, Plaintiff Richard V. Nardo demands judgment as follows:

1. Damages as a result of the above torts, breaches of contract and breaches of equitable duties in an amount to be determined at trial;

2. The removal of all Individual Trustees from their duties as trustees under the Trust;

3. An immediate preliminary injunction prohibiting any Defendant from using the corpus of the Trust, or any amount which should be added to the corpus of the Trust, in defense of the claims contained herein as well as an immediate preliminary injunction prohibiting the Individual Trustees from exercising any power over the Trust and that the Corporate Trustee act as sole trustee until this litigation is resolved;

4. Payment to Plaintiff of all lost income as well as all costs and debts incurred as a result of refusals by the Individual Trustees to support his sobriety and for reasonable requests for expenses in the best interest of Plaintiff which have been refused or ignored by the Individual Trustees;

5. Damage for the emotional distress suffered by Plaintiff as a result of the actions and inactions of the Defendants;

6. Costs incurred by Plaintiff as a result of the actions and inactions of the Defendants, including but not limited to the costs of this litigation, reasonable attorneys fees; and expenses;

7. Punitive damages as permitted both in tort and contract;

8.  Prejudgment and post-judgment interest; and

9.  Such other relief that this Court deems appropriate or just, in law or in equity.

**<u>Plaintiff demands a trial by jury on all counts.</u>**

Dated: October 24, 2003                    FRAZOR & TITUS LLC

By: _____
F. Ty Edmondson (MA#656139)

768 Hemenway Street
Marlborough, MA 01752
Tel. 508-486-9950

Attorney for Plaintiff RICHARD V. NARDO.

13

14

14

EXHIBIT A

# Last Will and Testament of Frank A. Nardo, Sr.

I, Frank A. Nardo, Sr., of York County, Pennsylvania, being of sound and disposing mind, memory, and understanding, do hereby declare this as and for my last will and testament hereby revoking all wills and codicils previously made by me.

I begin by noting for the sake of my family that I have asked my son, Frank, to draft this my last will and testament, as I view this act to be a profoundly personal one and I am most comfortable with my son performing this service for me rather than anyone else. I assure all of you that what is contained in this my last will and testament are my desires which Frank has put into words. If any of my sons or daughters have difficulty with what Frank has done for me, your argument is with me, not your brother.

## First

I direct the payment of my debts and expenses of my last illness and funeral from my estate as soon after my death as conveniently may be done. If there be no cemetery lot available for my interment, owned by me at the time of my death, I authorize my personal representatives to purchase such cemetery lot with a contract for perpetual care, using therefor funds from my estate, in such amount as my personal representatives shall consider necessary and desirable, and I authorize my personal representatives to cause title to or ownership of such lot so purchased to be vested in such person as my personal representatives shall designate. Further, I authorize my personal representatives to expend funds from my estate, in such amount as my personal representatives shall consider necessary and desirable, for the purchase, erection, and inscription of a suitable marker for my grave.

## Second

I give and bequeath my 1996 Chevrolet Blazer unto my son, Daniel W. Nardo.

Not unmindful of Joyce E. Keesey, I hereby again ratify in all respects my execution of my October 10, 2000 agreement, with her, and I believe I have provided fully and amply for Joyce at the time of the execution of the said agreement.

## Third

I direct that all the rest, residue and remainder of my tangible personal property owned by me at the time of my death, together with all insurance policies thereon, shall be sold and the proceeds shall be included in my residuary estate

Page 1 of 8

and to be distributed pursuant to the terms contained in Article "Fourth", below.

## Fourth

I give, devise and bequeath all the rest, residue and remainder of my estate unto <u>all</u> my children who survive me at the time of my death per capita and not per stirpes. All of my then-surviving children shall take equal shares, share and share alike and outright except for any share which may be due my son, Richard Nardo, which said share shall be subject to the provisions which follow in Article "Fifth".

Out of fairness to all, I have not specifically devised any real property which I now own, but I would like my remaining real property to be offered to those of my children who are most likely able to continue the work that I have begun. I hereby direct that my personal representatives provide the following children of mine: Frank A., Jr., James A., Daniel W., the right of first refusal to purchase the property I own at the time of my death for a proposed purchase price which shall be equal to the value established, used, and approved by the taxing authority, for federal and state inheritance tax purposes, with the right of first refusal for each parcel being granted to my afore named children upon the following procedure: The order that each parcel shall be offered shall be determined by assigning a number to each parcel and the order established randomly by casting lots. Each parcel shall then be offered at the said purchase price, in the said order of parcels, to my afore named children in the following order: For the first parcel offered, each of my afore named children shall be assigned a number, and the order of right of first refusal being determined randomly by casting lots, with the successive parcels being offered in the randomly determined order until all parcels are either agreed to be purchased or rejected. If a named child agrees to purchase or rejects the parcel, that child shall go to the then last place on the list for purposes of the offer of the next parcel. The next parcel shall be offered to the child who is then first on the randomly determined ordered list. For purposes of this provision, any real property I own consisting of more than one contiguous parcels, specifically but not necessarily limited to the real property of contiguous parcels I own in York Township, the contiguous parcels shall constitute one parcel and offered for sale to my afore named children as if one parcel. My personal representatives shall offer for sale the real estate I own at the time of my death in the foregoing manner, as soon as practicable after my death. If my afore named children fail to exercise their right of first refusal to purchase any parcel or parcels of real property owned by me at the time of my death, I hereby direct that the said property be then offered in the same manner to any of my remaining children who may be interested in so purchasing the said real property. If any such real property remains unsold, I direct that the same be offered for sale to the public at the highest price which may be expected for each parcel and without regard to the contiguous nature of multiple parcels. Any child exercising his right of first refusal and desiring to purchase any such real property shall be required to purchase the real property at the said purchase price; further, any amounts otherwise due the said child under this my Last Will and Testament shall be held as a <u>refundable</u> deposit against said purchase price, and the balance of the said purchase price shall be arranged by the purchasing child within six (6) months of the date of my death. Conveyance of any of the parcels of property shall not occur until such time as the federal and state inheritance tax returns have been approved, unless the purchasing child(ren) enter into an agreement with and provide a mortgage on the said property to my Estate guaranteeing reimbursement to the Estate any amounts due in inheritance and estate taxes as a result of an undervaluation of the parcel for such tax purposes of the real property the purchasing child(ren) is(are) purchasing. Should any purchasing child be unable to arrange within six (6) months of the date of my

death, to the satisfaction of my personal representatives, for full payment of the balance of the said purchase price, the property shall be offered for sale again to (i) the remaining afore named children, then (ii) my remaining children, then (iii) the general public. Any deposit monies on account of a child attempting to purchase but who is unable to close a sale of such property shall be distributed to the said child, as if the said child had not attempted to make the purchase. To reiterate, the purchasing children shall be responsible for the payment of any unpaid inheritance, estate or other similar death taxes due to the undervaluation, for such tax purposes, of the property which the respective children are purchasing.

### Fifth

Understanding the danger inherent in placing property in the hands of one in the grips of an addiction, if my son Richard survives me in death, any share of my estate to which Richard is entitled I hereby give, devise and bequeath to First Union, N.A., or its successor in interest, (alternately herein, "Corporate Trustee") IN TRUST HOWEVER, and to act as Co-Trustee with my children, Fiore L.; Frank A., Jr.; James A.; and Daniel W.; (alternately and jointly herein, "Individual Trustees") upon the following terms and conditions:

A.   This Trust shall continue only during the natural life of Richard and it shall be known as "The Richard Nardo Contingent Trust". My Corporate Trustee, First Union Bank, N.A., shall hold the trust principal and any income for Richard's benefit and until whichever of the following events first occurs:

1. At such time as Richard establishes to the satisfaction of a majority of my Trustees that Richard has remained illicit drug and alcohol-free for a period of five (5) consecutive and uninterrupted years, whenever the same may occur and without regard to however many years it takes Richard to maintain his sobriety for the five consecutive years.

   Upon the aforementioned satisfaction of a majority of my Trustees of Richard's drug and alcohol-free status for a consecutive five year period, my Corporate Trustee shall distribute on-half (½) of the total corpus and accumulated income of the Trust to Richard. The remaining balance of the Trust and the income accumulating thereto shall remain in trust for one additional five (5) year period during which a majority of my Trustees shall again determine that Richard remains drug and alcohol-free for the entire <u>subsequent</u> five (5) year period. If Richard is able to maintain his sobriety for the subsequent five (5) year period, my Corporate Trustee shall distribute the entire balance of the Trust to Richard with my hopes that he has, by then, established the character necessary to live the balance of his life sober.

   The aforementioned determinations of a majority of my Trustees shall be in the said Trustees' exclusive and absolute discretion, subject to whatever tests or other proof that the said Trustees deem appropriate and shall not be subject to review or otherwise expose my Trustees, or any of them, to any liability to Richard, my other children, or anyone else for my Trustees' good faith exercise of discretion in making the aforesaid determinations.

Page 3 of 8