# Second Codicil




I, Frank A. Nardo, Sr., of York County, Pennsylvania, do hereby make this as a Second Codicil to my Will dated October 13, 2000, as amended by my First Codicil to my said Will, which First Codicil is dated October 14, 2000.

I. I hereby amend Article "First" of my Will dated October 13, 2000 by adding the following:

"Whether my divorce from Joyce E. Keesey has been finalized or not at the time of my death, I hereby grant the authority and power to make all decisions necessary or desirable for my funeral and burial arrangements to my children and not Joyce E. Keesey. Any such decisions which must be made shall be made by majority vote of all of my children. I further direct that upon my death:

A. There shall be a viewing.
B. I shall not be cremated after the services.
C. My funeral shall be simple and inexpensive and my funeral shall be managed by the Keffer Funeral Home in York, PA.
D. I shall be buried with my wife June, where she is presently buried.
E. I shall be afforded all honors due a military veteran, including but not necessarily limited to a flag draped coffin and a monument at my grave reflecting my service in the Second World War.

It is my desire that this be deemed to be an explicit, sincere and unequivocal expression of my intent that my children and not Joyce E. Keesey make any necessary decisions regarding the disposition of my remains, further, I make the forefgoing directives I make knowingly, intelligently and with sound mind."

In all other respects, I hereby ratify and confirm the rest of Article "First" as it is written.

II. In all other respects, I hereby ratify, confirm and republish my Will dated October 13, 2000 and my First Codicil to my said will, which First Codicil is dated October 14, 2000.

IN WITNESS WHEREOF, I have hereunto set my hand and seal to this my Second Codicil to my Will dated October 13, 2000, this 28th day of October, 2000.

[signature] (SEAL)
Frank A. Nardo, Sr.

SIGNED by Frank A. Nardo, Sr. as a Second Codicil to his Will dated October 13, 2000, in our presence, who at his request, in his presence and in the presence of each other have signed as witnesses:

[signature] Tiffanie Rager Address c/o York Hospital 1001 S. George St York, PA 17402

[signature] Chelica A Karpinski Address c/o York Hospital 1001 S. George St York PA 17402

ACKNOWLEDGMENT

Commonwealth of Pennsylvania :
: SS
County of York :

I, Frank A. Nardo, Sr., testator, whose name is signed to the attached or foregoing instrument, having been duly qualified according to law, do hereby acknowledge that I signed and executed the instrument as a Second Codicil to my last Will and Testament dated October 13, 2000, as amended by my First Codicil, which First Codicil is dated October 14, 2000; that I signed it willingly; and that I signed it as my free and voluntary act for the purposes therein expressed.

Frank A. Nardo, Sr.

Sworn or affirmed to and acknowledged before me by Frank A. Nardo, Sr., the testator, this 28 day of October, 2000.

Notary Public

NOTARIAL SEAL
L. ROBERT KUHN, NOTARY PUBLIC
SPRING GARDEN TWP., YORK CO., PA
MY COMMISSION EXPIRES JAN. 28, 2001

COPY

AFFIDAVIT

Commonwealth of Pennsylvania :
: SS
County of York :

We, the undersigned, the witnesses whose names are signed to the attached or foregoing instrument, being duly qualified according to law, do depose and say that we were present and saw testator sign and execute the instrument as a Second Codicil to his last Will and Testament which the Testator expressed is dated October 13, 2000 and amended by a First Codicil dated October 14, 2000; that he signed willingly and that he executed it as his free and voluntary act for the purposes therein expressed; that each of us in the hearing and sight of the testator signed said Codicil as witnesses; and that to the best of our knowledge the testator was at that time 18 or more years of age, of sound mind and under no constraint or undue influence.

Tiffanie Rager                Chezica A. Karpinski

Sworn or affirmed to and subscribed to before me, by Tiffanie Rager, and Chezica A. Karpinski, witnesses, this 28 day of October, 2000.

Notary Public

NOTARIAL SEAL
L. ROBERT KUHN, NOTARY PUBLIC
SPRING GARDEN TWP. ...

# First Codicil

I, Frank A. Nardo, Sr., of York County, Pennsylvania, do hereby make this as a First Codicil to my Will dated October 13, 2000.

I. I hereby amend Article "Second" of my Will dated October 13, 2000 by adding the following:




"I give and bequeath the sum of Twenty-Five Thousand Dollars ($25,000) unto my loyal friend Judith A. Doviak, presently of 2093 Hollywood Drive, York, PA."

In all other respects, I hereby ratify and confirm the rest of Article "Second" as it is written.

II. I hereby revoke Article "Seventh" of my Will dated October 13, 2000 and replace it with the following:

"Seventh

Except as otherwise specifically provided for in this Article "Seventh" and elsewhere in my Will, I direct that any and all inheritance, estate and other death taxes imposed upon my estate passing under my Will or otherwise, including but not limited to the said taxes owed due to property transferred outside of my Will pursuant to the "Frank A. Nardo, Sr. Trust Number One", shall be paid out of the principal of my residuary estate. I limit this directive in that I intend that any Generation Skipping Tax Liability incurred by my Estate shall be paid by the Skip Persons taking under my Will, by trust, or otherwise, and said Generation Skipping Tax amount shall be deducted pro rata from each Skip Person's distribution whether passing by my Will, trust, or otherwise. I further limit the directive to pay all inheritance, estate and other death taxes, as necessary to be consistent with Article "Fourth" of my Will, in that, any child purchasing real estate owned by me at the time of my death shall pay any additional inheritance, estate and other death taxes imposed upon my Estate due to an undervaluation of the said real property as determined by any taxing authority, for inheritance, estate and other death tax purposes."

III. In all other respects, I hereby ratify, confirm and republish my Will dated October 13, 2000.

IN WITNESS WHEREOF, I have hereunto set my hand and seal to this my First Codicil to my Will dated October 13, 2000, this 14th day of October, 2000.

[signature] (SEAL)
Frank A. Nardo, Sr.

SIGNED by Frank A. Nardo, Sr. as a First Codicil to his Will dated October 13, 2000, in our presence, who at his request, in his presence and in the presence of each other have signed as witnesses:

[signature] Address 117 Kings Arms At Waterford
Bess Laucks York, PA 17402

[signature] Address 102 Mountain View Drive

## ACKNOWLEDGMENT

Commonwealth of Pennsylvania :
: SS
County of York :

I, Frank A. Nardo, Sr., testator, whose name is signed to the attached or foregoing instrument, having been duly qualified according to law, do hereby acknowledge that I signed and executed the instrument as a First Codicil to my last Will and Testament dated October 13, 2000; that I signed it willingly; and that I signed it as my free and voluntary act for the purposes therein expressed.

COPY

Frank A. Nardo, Sr.

Sworn or affirmed to and acknowledged before me by Frank A. Nardo, Sr., the testator, this 14 day of October, 2000.

Notary Public

Notarial Seal
Crystal Hotham, Notary Public
Springettsbury Twp., York County
My Commission Expires Feb. 4, 2002
Member, Pennsylvania Association of Notaries

## AFFIDAVIT

Commonwealth of Pennsylvania :
: SS
County of York :

We, the undersigned, the witnesses whose names are signed to the attached or foregoing instrument, being duly qualified according to law, do depose and say that we were present and saw testator sign and execute the instrument as a First Codicil to his last Will and Testament dated October 13, 2000; that he signed willingly and that he executed it as his free and voluntary act for the purposes therein expressed; that each of us in the hearing and sight of the testator signed said Codicil as witnesses; and that to the best of our knowledge the testator was at that time 18 or more years of age, of sound mind and under no constraint or undue influence.

JESS LAUCKS TERESA JACKSON

Sworn or affirmed to and subscribed to before me, by JESS LAUCKS, and TERESA JACKSON, witnesses, this 14 day of October, 2000.

Notary Public

Notarial Seal
Crystal Hotham, Notary Public
Springettsbury Twp., York County
My Commission Expires Feb. 4, 2002

# Last Will and Testament of Frank A. Nardo, Sr.

I, Frank A. Nardo, Sr., of York County, Pennsylvania, being of sound and disposing mind, memory, and understanding, do hereby declare this as and for my last will and testament hereby revoking all wills and codicils previously made by me.

I begin by noting for the sake of my family that I have asked my son, Frank, to draft this my last will and testament, as I view this act to be a profoundly personal one and I am most comfortable with my son performing this service for me rather than anyone else. I assure all of you that what is contained in this my last will and testament are my desires which Frank has put into words. If any of my sons or daughters have difficulty with what Frank has done for me, your argument is with me, not your brother.

## First

I direct the payment of my debts and expenses of my last illness and funeral from my estate as soon after my death as conveniently may be done. If there be no cemetery lot available for my interment, owned by me at the time of my death, I authorize my personal representatives to purchase such cemetery lot with a contract for perpetual care, using therefor funds from my estate, in such amount as my personal representatives shall consider necessary and desirable, and I authorize my personal representatives to cause title to or ownership of such lot so purchased to be vested in such person as my personal representatives shall designate. Further, I authorize my personal representatives to expend funds from my estate, in such amount as my personal representatives shall consider necessary and desirable, for the purchase, erection, and inscription of a suitable marker for my grave.

## Second

I give and bequeath my 1996 Chevrolet Blazer unto my son, Daniel W. Nardo.

Not unmindful of Joyce E. Keesey, I hereby again ratify in all respects my execution of my October 10, 2000 agreement, with her, and I believe I have provided fully and amply for Joyce at the time of the execution of the said agreement.

## Third

I direct that all the rest, residue and remainder of my tangible personal property owned by me at the time of my death, together with all insurance policies thereon, shall be sold and the proceeds shall be included in my residuary estate

Frank A. Nardo, Sr. 10-13-2000



and to be distributed pursuant to the terms contained in Article "Fourth", below.

## Fourth

I give, devise and bequeath all the rest, residue and remainder of my estate unto all my children who survive me at the time of my death per capita and not per stirpes. All of my then-surviving children shall take equal shares, share and share alike and outright except for any share which may be due my son, Richard Nardo, which said share shall be subject to the provisions which follow in Article "Fifth".

Out of fairness to all, I have not specifically devised any real property which I now own, but I would like my remaining real property to be offered to those of my children who are most likely able to continue the work that I have begun. I hereby direct that my personal representatives provide the following children of mine: Frank A., Jr., James A., Daniel W., the right of first refusal to purchase the property I own at the time of my death for a proposed purchase price which shall be equal to the value established, used, and approved by the taxing authority, for federal and state inheritance tax purposes, with the right of first refusal for each parcel being granted to my afore named children upon the following procedure: The order that each parcel shall be offered shall be determined by assigning a number to each parcel and the order established randomly by casting lots. Each parcel shall then be offered at the said purchase price, in the said order of parcels, to my afore named children in the following order: For the first parcel offered, each of my afore named children shall be assigned a number, and the order of right of first refusal being determined randomly by casting lots, with the successive parcels being offered in the randomly determined order until all parcels are either agreed to be purchased or rejected. If a named child agrees to purchase or rejects the parcel, that child shall go to the then last place on the list for purposes of the offer of the next parcel. The next parcel shall be offered to the child who is then first on the randomly determined ordered list. For purposes of this provision, any real property I own consisting of more than one contiguous parcels, specifically but not necessarily limited to the real property of contiguous parcels I own in York Township, the contiguous parcels shall constitute one parcel and offered for sale to my afore named children as if one parcel. My personal representatives shall offer for sale the real estate I own at the time of my death in the foregoing manner, as soon as practicable after my death. If my afore named children fail to exercise their right of first refusal to purchase any parcel or parcels of real property owned by me at the time of my death, I hereby direct that the said property be then offered in the same manner to any of my remaining children who may be interested in so purchasing the said real property. If any such real property remains unsold, I direct that the same be offered for sale to the public at the highest price which may be expected for each parcel and without regard to the contiguous nature of multiple parcels. Any child exercising his right of first refusal and desiring to purchase any such real property shall be required to purchase the real property at the said purchase price; further, any amounts otherwise due the said child under this my Last Will and Testament shall be held as a refundable deposit against said purchase price, and the balance of the said purchase price shall be arranged by the purchasing child within six (6) months of the date of my death. Conveyance of any of the parcels of property shall not occur until such time as the federal and state inheritance tax returns have been approved, unless the purchasing child(ren) enter into an agreement with and provide a mortgage on the said property to my Estate guaranteeing reimbursement to the Estate any amounts due in inheritance and estate taxes as a result of an undervaluation of the parcel for such tax purposes of the real property the purchasing child(ren) is(are) purchasing. Should any purchasing child be unable to arrange within six (6) months of the date of my

[signature] 10-13-2000
Frank A. Nardo, Sr.

death, to the satisfaction of my personal representatives, for full payment of the balance of the said purchase price, the property shall be offered for sale again to (i) the remaining afore named children, then (ii) my remaining children, then (iii) the general public, Any deposit monies on account of a child attempting to purchase but who is unable to close a sale of such property shall be distributed to the said child, as if the said child had not attempted to make the purchase. To reiterate, the purchasing children shall be responsible for the payment of any unpaid inheritance, estate or other similar death taxes due to the undervaluation, for such tax purposes, of the property which the respective children are purchasing.

## Fifth

Understanding the danger inherent in placing property in the hands of one in the grips of an addiction, if my son Richard survives me in death, any share of my estate to which Richard is entitled I hereby give, devise and bequeath to First Union, N.A., or its successor in interest, (alternately herein, "Corporate Trustee") IN TRUST HOWEVER, and to act as Co-Trustee with my children, Fiore L.; Frank A., Jr.; James A.; and Daniel W.; (alternately and jointly herein, "Individual Trustees") upon the following terms and conditions:

A. This Trust shall continue only during the natural life of Richard and it shall be known as "The Richard Nardo Contingent Trust". My Corporate Trustee, First Union Bank, N.A., shall hold the trust principal and any income for Richard's benefit and until whichever of the following events first occurs:

1. At such time as Richard establishes to the satisfaction of a majority of my Trustees that Richard has remained illicit drug and alcohol-free for a period of five (5) consecutive and uninterrupted years, whenever the same may occur and without regard to however many years it takes Richard to maintain his sobriety for the five consecutive years.

Upon the aforementioned satisfaction of a majority of my Trustees of Richard's drug and alcohol-free status for a consecutive five year period, my Corporate Trustee shall distribute on-half (½) of the total corpus and accumulated income of the Trust to Richard. The remaining balance of the Trust and the income accumulating thereto shall remain in trust for one additional five (5) year period during which a majority of my Trustees shall again determine that Richard remains drug and alcohol-free for the entire <u>subsequent</u> five (5) year period. If Richard is able to maintain his sobriety for the subsequent five (5) year period, my Corporate Trustee shall distribute the entire balance of the Trust to Richard with my hopes that he has, by then, established the character necessary to live the balance of his life sober.

The aforementioned determinations of a majority of my Trustees shall be in the said Trustees' exclusive and absolute discretion, subject to whatever tests or other proof that the said Trustees deem appropriate and shall not be subject to review or otherwise expose my Trustees, or any of them, to any liability to Richard, my other children, or anyone else for my Trustees' good faith exercise of discretion in making the aforesaid determinations.

[signature] Frank A. Nardo, Sr.

Finally, I note that I understand that whatever proof is demanded may not be infallible, but is undertaken with my concern for and with Richard's best interests at heart. OR

2. If Richard predeceases the occurrence of the condition in subparagraph "1." in that he fails to establish an initial five year period of sobriety prior to his death, the balance of the Trust principal and accumulated income shall pass to my then surviving children, per capita; OR

if Richard establishes his initial five year period of sobriety but, in the determination of a majority of my Trustees fails in his sobriety in the subsequent five year period, the then accumulated balance of the Trust shall likewise pass to my then-surviving children, per capita; OR

if Richard establishes his sobriety for the first five years but predeceases his completion of the subsequent five year period and he dies sober, the accumulated balance of the trust shall pass to Richard's estate.

B. Further, if, in the determination of a majority of my Individual Trustees, Richard is sober and is making progress to the goals outlined above, a majority of my Individual Trustees may direct my Corporate Trustee to make distributions of principal or income in order to provide for Richard's reasonable living expenses. Such a determination shall be in the sole and absolute discretion of a majority of my Individual Trustees. It is my intention that in exercising discretion with regard to any distribution hereunder of principal or income, my Individual Trustees shall consider funds available to Richard from all sources. These expenses may include: shelter, provided however, that, if real estate is purchased, the title to said real estate shall remain vested in my Corporate Trustee until such time as all other conditions of this Trust are fulfilled; lease payments for shelter; food; medical care; counseling; drug rehabilitation expenses, provided all other conditions herein are met; and education expenses. To the extent practicable, my Corporate Trustee is directed to make such distributions hereunder directly to the provider of such property or service and not to Richard.

C. Richard's brothers and sisters should encourage Richard in his endeavor to remain sober. If Richard fails in his pursuit of sobriety and his failure has been aided by a brother or sister, that brother or sister shall forfeit any right, title or interest that he/she may otherwise have as a contingent remainderman in this Trust.

D. I hereby grant my Corporate Trustee the power, without court approval, to terminate this Trust if the principal and any accumulated or undistributed income is of an amount which my Corporate Trustee deems to be too small to practically remain in trust. In this event, my Corporate Trustee is authorized to make immediate distribution to my personal representatives who are authorized to further distribute the property to Richard, or use it for Richard's benefit, as my personal representatives deem appropriate and consistent with the intention and guidelines set forth in this Article "Fifth".

ank A. Nardo, Sr.

E. Any corporate fiduciary serving hereunder shall receive compensation for its services hereunder in accordance with a fee agreement entered into between it and me during my lifetime, or if there is no such agreement, the corporate fiduciary shall receive compensation in accordance with its Schedule of Fees in effect from time to time during the period in which its services are performed.

F. All shares of principal and income held in trust shall be held and disbursed free from anticipation, assignment, pledge, or obligation of the beneficiaries and any of them, and shall not be subject to any execution, attachment, levy or sequestration or other claims of the creditors of the said beneficiaries or any of them.

G. In addition to the powers enumerated in Article "Eighth" in my Will dated April 22, 1999, I hereby grant my Corporate Trustee the power to invest and reinvest in all forms of property without being confined to legal investments and without regard for the principal of diversification. It is my intention that my Corporate Trustee will make such investment decisions giving due consideration to the input of a majority of my Individual Trustees.

H. Except for instances of willful misconduct, recklessness, or gross negligence, I expressly relieve my Trustees, Corporate or Individual as appropriate to their respective positions, of any liability or responsibility whatsoever for any act or failure to act by, or for following the advice of such accountants, agents, attorneys, investment counsel, brokers, bank or trust company, so long as my Trustees exercise due care in their selection.

I. Upon the written request of a majority of my Individual Trustees of any trust hereunder then serving, delivered to the Corporate Trustee then serving, the Corporate Trustee of such trust shall promptly resign; provided that the Individual Trustees, must appoint a corporation as successor trustee that is (i) organized under the laws of the United States or any State thereof, (ii) possessed of trust powers, and (iii) has trust assets of at least One Hundred Million Dollars ($100,000,000). Any power of appointment and removal under this Paragraph shall not be extinguished by a single exercise; provided that the power to remove a corporate trustee shall not be exercised more frequently than once every two years.

J. Any Trustee while serving hereunder may resign without court approval by written notice delivered to the co-Trustees and to Richard. In the case of my Corporate Trustee, such notice shall be provided thirty (30) days in advance of the effective date of the resignation. Should a corporate trustee serving hereunder provide the Individual Trustees notice of resignation, a majority of my Individual Trustees shall appoint a successor corporate trustee which meets the requirements outlined in Paragraph "I", above. The corporate trustee's resignation shall be complete upon transfer of all remaining trust assets to the newly appointed corporate trustee.

K. No Trustee taking office shall be liable in any way for the acts or

omissions of any Trustee prior to such Trustee's assumption of office and shall have no duty to review the performance of a Trustee prior to that time.

L. Each Individual Trustee of any trust hereunder then serving may appoint in writing an individual to serve in his or her place; provided that any such appointment shall be that of one of my children, excluding Richard.

M. Any inconsistencies which arise in the interpretation of this trust document or which arise in its implementation shall be resolved in favor of my intent to encourage Richard's sobriety and consistent with the other terms and provisions contained herein. Should any provision of this Trust be deemed to be contrary to law or policy, the same shall be stricken or otherwise conformed to such law or policy.

N. I reiterate that the foregoing trust provisions apply to and control only the share which may be due my son Richard Nardo, all other shares of my residuary estate shall pass outright and without restriction.

I note here to Richard that my first inclination was to provide you with nothing, for fear that doing so would only serve to prolong your addiction and waste more of what you have already wasted and which I have worked so hard to obtain. Your brother, Frank, has helped me construct a plan which, hopefully, will provide an incentive to you to clean yourself up.

## Sixth

All shares of principal and income hereby given shall be free from anticipation, assignment, pledge, or obligation of the beneficiaries and any of them, and shall not be subject to any execution, attachment, levy or sequestration or other claims of the creditors of the said beneficiaries or any of them.

## Seventh

I direct that any and all Inheritance, Estate and Transfer Taxes imposed upon my estate passing under my will or otherwise, including but not limited to those said taxes accruing due to property transferred pursuant to the "Frank A. Nardo, Sr. Trust Number One", shall be paid out of the principal of my residuary estate. I limit the foregoing only in that I intend that any Generation Skipping Tax Liability incurred by my estate shall be paid by the Skip Persons taking hereunder, by trust, or otherwise, and said Generation Skipping Tax amount shall be deducted pro rata from each Skip Person's distribution whether passing by will, trust, or otherwise.

## Eighth

My personal representatives, trustee, and their successors, shall have the following powers, in addition to those vested in them by law, or as set forth or limited elsewhere in this document, as appropriate to their respective positions and as otherwise set forth, limited or modified in this my last will and testament, applicable to all property, whether principal or income, including property held for minors, exercisable without court approval, and effective until actual distribution of all property:

A. to retain in the form received, and to sell either at public sale or private sale any real or personal property;

B. to manage, mortgage, lease, option, divide, alter, repair, and improve real property and generally to exercise all rights of real estate ownership;

C. to invest and reinvest in all forms of property, but I do intend that any investments made by my personal representatives on behalf of my estate be those confined to legal investments;

D. to exercise any option or rights arising from ownership of investments;

E. to compromise claims without court approval and without consent of any beneficiary;

F. to borrow money and to pledge any real or personal property as security for the repayment thereof;

G. to continue the operation of my real estate development business to the extent that it may be necessary, and I hereby grant my personal representatives all the powers necessary for the conduct of the said business until the same may be liquidated or otherwise disposed of in accordance with my wishes contained herein, which said powers shall include, but not specifically be limited to, the aforesaid powers contained herein this Article "Eighth";

H. to employ accountants, agents, attorneys, investment counsel, brokers, bank or trust company and to pay a reasonable fee for their services. I direct, however, that it is my intent that my personal representatives retain the services of Judy Doviak with the accounting firm of Kuhn and Doviak, York, PA, to perform any and all accounting functions relative to my estate, including as may be necessary for the conduct of the operation of my business; Judy has been very helpful, fair and honest throughout my years in business. It is also my intent that my personal representatives retain the services of Ed Roberts, Esquire, of York, PA, as the attorney for my estate and to perform any legal functions as may be necessary to the conduct of my business, provided, however, that he enter into a reasonable fee agreement with my personal representatives, of which my personal representatives shall look to my son, Frank, for direction in this specific regard. I trust that Ed will handle my estate fairly, honestly, competently, and with the best interest of all my children at heart.

I. To distribute in cash, in kind, or partly in each, and to cause any share to be composed of cash, property, or undivided fractional shares in property different in kind from any other share.

## Ninth

To the extent I am able by law, I direct that no trustee, personal representative, guardian, or other fiduciary named, nominated, or appointed in this, my last will and testament, shall be required to post any bond or give any security of any type for any purpose whatsoever and in any jurisdiction.

## Tenth

If any beneficiary or remainderman under this Will in any manner, directly or indirectly, contests or attacks this Will or any of its provisions, or objects to the accounts or actions of my fiduciaries, without probable cause, such beneficiary shall pay all costs, including but not limited to attorneys fees, arising in connection



with such contest, attack or objection incurred by my estate, such trust or such fiduciary personally. In the event that such beneficiary does not prevail in such action, any share or interest in my estate or such trust which would otherwise pass to such beneficiary or remainderman under this Will shall be revoked and the property consisting of such share shall be disposed of in the manner provided herein as if that contesting beneficiary or remainderman had predeceased me. I add here that I understand completely the import of this paragraph and I intend that it be implemented fully and to the extent allowable by law. I have done my best for my family, and I feel that I owe no one anything and certainly no one any more or less that I have herein provided. Further, I can think of no less-deserving persons to share in what I have worked so hard for than the attorneys who would profit needlessly from such a will contest.

## Eleventh

Finally, I nominate, constitute, and appoint my daughters, Rosemary Frederick and Diann Cardello, as Co-Executrixes of this my last will and testament. It is my intent that Rose and Diann act jointly and with my interest and the interest of all my sons and daughters at heart. I further intend that Rose and Diann have the support and input of their brothers in fulfilling their duties as co-Executrixes, and I am confident that they will be able to work together and in concert. In the event of either daughter's death, resignation, renunciation, or inability to act for any reason whatsoever as my co-executrix, I intend that the surviving or otherwise able and willing daughter to act alone as my Executrix. As I intend their responsibilities to be carried out with the aid of my sons, and the attorney and accountant for the estate, I hereby direct that Rose and Diann each receive the sum of $10,000.00 as their compensation as my personal representatives.

In Witness Whereof, I have hereunto set my hand and seal to this my Last Will and Testament, consisting of eight (8) typewritten pages, including this page, but not including the page following which bears the acknowledgment and affidavit; the first seven (7) pages of which bear my signature and this date in the left margin for the purpose of identification, this 13th day of October, 2000.

Frank A. Nardo, Sr. (signature)

Frank A. Nardo, Sr.

Signed, sealed, published, and declared by the above named testator, as and for his last will and testament in the presence of us, who, at his request, in his sight and presence, and in the sight and presence of each other, have hereunto subscribed our names as witnesses.

Judith A Doviak (signature) residing at 2093 HOLLYWOOD DR, YORK PA 17403
JUDITH A DOVIAK

Vickie L. Eisenhart (signature) residing at 3053 FAITH LN, RED LION [illegible]
VICKIE L. EISENHART

ACKNOWLEDGMENT

COMMONWEALTH OF PENNSYLVANIA, COUNTY OF YORK

I, Frank A. Nardo, Sr., the testator whose name is signed to the attached or foregoing instrument, having been duly qualified according to law, do hereby acknowledge that I signed and executed the instrument as my Last Will; and that I signed it willingly and as my free and voluntary act for the purposes therein expressed.

Sworn to or affirmed and subscribed and acknowledged before me by Frank A. Nardo, Sr., the testator, this 13th day of October, 2000.

Frank A. Nardo, Sr.

Notary Public

NOTARIAL SEAL

AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA, COUNTY OF YORK

We, (or I) JUDITH A. DOVIAK, and VICKIE L. EISENHART, the witness(es) whose name(s) are signed to the attached or foregoing instrument, being duly qualified according to law, do depose and say that we were (I was) present and saw the testator sign and execute the instrument as his Last Will; that the testator signed willingly and executed it as his free and voluntary act for the purposes therein expressed; that each subscribing witness in the hearing and sight of the testator signed the will as a witness; and that to the best of our (my) knowledge the testator was at that time 18 or more years of age, of sound mind and under no constraint or undue influence.

Sworn to or affirmed and subscribed to before me by JUDITH A DOVIAK and VICKIE L. EISENHART, witness(es), this 13th day of October, 2000.

Witness

Witness

Notary Public

COPY

See Instructions on Cover Page

# INVENTORY

ESTATE OF Frank A. Nardo, Sr. a/k/a Francis Anthony Nardo a/k/a Frank A. Nardo

Late of Springettsbury Township Deceased.

NO. 67-01-01157, 20

AFFIDAVIT OF PERSONAL REPRESENTATIVES

Commonwealth of Pennsylvania, County of York, } ss.

Personally appeared before me, a Notary Public in and for said County, Diann Cardello and Rosemary Frederick, Co-Executors who being duly sworn according to law, say that the within Inventory of the personal property and real estate which were of Frank A. Nardo, Sr. a/k/a Francis Anthony Nardo a/k/a Frank A. Nardo, late of Springettsbry Township Deceased, is true and correct to the best of their knowledge, information and belief.

Sworn and subscribed to before me this 12th day of November A.D., 2001

Karen B. Bodnar

Notarial Seal
Karen B. Bodnar, Notary Public
York, York County
My Commission Expires Aug. 30, 2004
Member, Pennsylvania Association of Notaries

Diann Cardello, Ex
Diann Cardello, Co-Executor

Rosemary Frederick, Ex.
Rosemary Frederick, Co-Executor

# INVENTORY

of the personal property and real estate situate in the Commonwealth, which were of Frank A. Nardo, Sr. a/k/a Francis Anthony Nardo a/k/a Frank A. Nardo, late of Springettsbury Township in the County of York, taken and made in conformity with the above deposition under Section 3301 and following of the P-E-F Code.

| PERSONAL PROPERTY | DOLLARS | CENTS |
|---|---|---|
| See attached | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

'01 NOV 13 PM 2 03

Estate Inventory
Valued as of Date of Death

| No. of Shares | Stocks | | |
|---|---|---|---|
| 2,345 | Allstate Corporation held in certificate shares | $ 77,865.72 | |
| 2,755.6590 | Allstate Corporation held in dividend reinvestment account | 91,501.66 | |
| 140 | Metlife, Inc. | 4,100.60 | |
| 285.2320 | Sears Roebuck & Co. held in dividend reinvestment account | 12,942.40 | |
| 2,568 | Sears Roebuck & Co. held in certificate shares | 116,523.00 | |
| | Total Stocks | | $ 302,933.38 |
| | **Cash** | | |
| | Binkley & Ober, Inc., refund of credit balance | $ 240.58 | |
| | Blue Cross, claim payment | 212.11 | |
| | Capital BlueCross/ Pennsylvania BlueShield, refund of insurance premium | 158.45 | |
| | Cash found in wallet | 150.00 | |
| | Commonwealth of Pennsylvania, refund on 2000 Personal income tax filed 10/12/01 | 1,316.00 | |
| | State Auto Insurance Co., refund of insurance premium | 172.00 | |
| | Total Cash | | $ 2,249.14 |
| | **Checking/Savings Accounts** | | |
| | Commerce Bank Checking Account #0512068925 | $ 1,593.07 | |
| | First Union Checking Account #1000294036274 | 100.29 | |

Estate Inventory (Continued)

| | | |
|---|---|---|
| **Checking/Savings Accounts** | | |
| First Union Savings Account #3000454310026 | $ 1,001.32 | |
| Interest to date of death | 0.02 | |
| Total Checking/Savings Accounts | | $ 2,694.70 |
| **Money Market/CMA Accounts** | | |
| Commerce Bank Certificate of Deposit #901189 | $ 206,111.12 | |
| Interest to date of death | 996.34 | |
| Escrow account for sale of Englar Shopping Center (ESTIMATED) | 100,000.00 | |
| Escrow sale of Good's Property @ ESTIMATE | 200,000.00 | |
| Total Money Market/CMA Accounts | | $ 507,107.46 |
| **Insurance Payable to Executor** | | |
| Metropolitan Life Insurance policy 630-365-085 M, payable to estate as beneficiary FACE VALUE | $ 3,000.00 | |
| Metropolitan Life Insurance policy 581-201-338 payable to estate as beneficiary FACE VALUE | 3,000.00 | |
| Total Insurance Payable to Executor | | $ 6,000.00 |
| **Insurance not Payable to Executor** | | |
| Metropolitan Life Insurance policy 16 263 729 payable in equal shares to decedent's seven children as beneficiaries | $ 3,000.00 | |
| Total Ins. not Payable to Exec | | $ 3,000.00 |

Estate Inventory (Continued)

| Par Value | Description | | Amount | | Total |
|---|---|---|---|---|---|
| | Tangible Personal Property | | | | |
| | 1996 Chevy Blazer @ ESTIMATE | $ | 6,000.00 | | |
| | 2000 Chevy Blazer LT @ ESTIMATE | | 16,000.00 | | |
| | Personal Property @ appraised value | | 1,368.00 | | |
| | Total Tangible Personal Property | | | $ | 23,368.00 |
| | Real Property | | | | |
| | 3 tracts of Commercial Real Estate on Lombard St @ ESTIMATE | $ | 800,000.00 | | |
| | 46 arces unimproved real estate in East Hempfield Township @ ESTIMATED | | 500,000.00 | | |
| | McDonald's located on a commercial tract of land 2891 Philadelphia Avenue, Chambersburg, PA @ ESTIMATE | | 180,000.00 | | |
| | Real Estate known as Jonathon Way unimproved Lot @ ESTIMATE | | 20,000.00 | | |
| | Total Real Property | | | $ | 1,500,000.00 |
| | Notes | | | | |
| | Stonybrooke, LLC Note @ ESTIMATE (FACE VALUE OF NOTE) | $ | 100,000.00 | | |
| | Total Notes | | | $ | 100,000.00 |
| | Savings Bonds | | | | |
| 50 | U.S. Savings Bonds Series EE | $ | 25.00 | | |
| | Interest to date of death | | 18.84 | | |
| 100 | U.S. Savings Bonds Series EE | | 50.00 | | |
| | Interest to date of death | | 156.52 | | |

Estate Inventory (Continued)

| Par Value | Savings Bonds | |
|---|---|---|
| | Total Savings Bonds | $ 250.36 |
| | Total Inventory | $ 2,447,603.04 |

# INSTRUCTIONS

1. This form is drafted to meet the requirements of Sections 3301-3305 of the P-E-F Code.

2. See Section 3301 as to the necessity for filing Supplemental Inventory of after-discovered property.

3. Real Estate situate anywhere in the Commonwealth must be appraised but need not be described by metes and bounds. See Section 3301(a).

4. Real Estate situate outside of the Commonwealth shall be scheduled but not appraised. Section 3301(b).

5. Additional sheets may be inserted where space is found insufficient.



No. 67-01-01157

Filed ____________ A.D., 20 ____

INVENTORY OF
THE PERSONAL PROPERTY
AND REAL ESTATE OF

Frank A. Nardo, Sr. a/k/a Francis Anthony Nardo a/k/a Frank A. Nardo

late of Springettsbury Township in the County of York and Commonwealth of Pennsylvania, deceased.

Fee $ 10.00

Stock and Leader, P.C.
Frank A. Nardo, Jr. Attorney
Supreme Court ID# 80108

See Instructions on Cover Page

# Amended
# INVENTORY

COPY

ESTATE OF Frank A. Nardo, Sr. a/k/a Francis Anthony Nardo a/k/a Frank A. Nardo

NO. 67-01-01157

Late of Springettsbury Township

Deceased.

## AFFIDAVIT OF PERSONAL REPRESENTATIVES

Commonwealth of Pennsylvania,
County of York, } ss.

Personally appeared before me, a notary public in and for said County, Diann Cardello and Rosemary Frederick, Executors who being duly affirmed according to law, say that the within Inventory of the personal property and real estate which were of Frank A. Nardo, Sr. a/k/a Francis Anthony Nardo a/k/a Frank A. Nardo, late of Springettsbury Tonwship Deceased, is true and correct to the best of their knowledge, information and belief.

Affirmed and subscribed to before me this 14th day of November A.D., 2002

Karen B. Bodnar

Notarial Seal
Karen B. Bodnar, Notary Public
York, York County
My Commission Expires Aug. 30, 2004
Member, Pennsylvania Association of Notaries

Diann Cardello, Ex
Diann Cardello, Co-Executor

Rosemary Frederick, EX
Rosemary Frederick, Co-Executor

## INVENTORY

of the personal property and real estate situate in the Commonwealth, which were of Frank A. Nardo, Sr. a/k/a Francis Anthony Nardo a/k/a Frank A. Nardo, late of Springettsbury Township in the County of York, taken and made in conformity with the above deposition under Section 3301 and following of the P-E-F Code.

| PERSONAL PROPERTY | DOLLARS | CENTS |
|---|---|---|
| See Attached | | |

COURTHOUSE YORK, PA
2002 NOV 15 A 9:24
REGISTER OF WILLS
RECEIVED